**FILED**
CLERK, U.S. DISTRICT COURT

6/3/2026

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ KM _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

February 2026 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR  2:26-cr-00352-MWF |
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. §§ 841(a)(1), (b)(1)(C): Distribution of Methamphetamine and Fentanyl; 21 U.S.C. § 853: Criminal Forfeiture] |
| JORDAN JARAMILLO, | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about March 9, 2026, in Los Angeles County, within the Central District of California, defendant JORDAN JARAMILLO knowingly and intentionally distributed methamphetamine, a Schedule II controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about March 16, 2026, in Los Angeles County, within the Central District of California, defendant JORDAN JARAMILLO knowingly and intentionally distributed a mixture and substance containing a detectable amount of N-phenyl-N-[ 1-(2-phenyhlethyl)-4-piperidinyl ] propenamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about April 9, 2026, in Los Angeles County, within the Central District of California, defendant JORDAN JARAMILLO knowingly and intentionally distributed a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenyhlethyl)-4-piperidinyl] propenamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

FORFEITURE ALLEGATION

[21 U.S.C. § 853]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in Counts One through Three of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with

4

a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/

Foreperson

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

JENNIFER L. WAIER
Chief Assistant United States
Attorney
Chief, Criminal Division

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

KYLE W. KAHAN
Assistant United States Attorney
Deputy Chief, General Crimes
Section

SEBASTIAN BELLM
Assistant United States Attorney
General Crimes Section