JS-3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Case No.    **CR 26-00352-MWF**                          Date: July 17, 2026

Present: The Honorable:    MICHAEL W. FITZGERALD, United States District Judge

Interpreter    Not Applicable

| Rita Sanchez | Not Reported | Aylin Kuzucan and Kali M. Yallourakis |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorneys* |

| U.S.A. v. Defendant(s) | Present | Cust | Bond | Attorneys for Defendant(s): | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| 5) Jordan Jaramillo | Not | | X | 5) Richard W. Raynor | Not | X | |

**Proceedings:    (IN CHAMBERS) ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE [204]**

Before the Court is a Motion to Dismiss the Indictment Without Prejudice (the "Motion") filed by the Government on July 14, 2026. (Docket No. 204). Defendant Jordan Jaramillo filed a Memorandum Concerning the Motion on July 14, 2026. (Docket No. 205). In his filing, Defendant states that he "does not object to dismissal without prejudice of the charges." (*Id.* at 2). He only "requests that the Court alternatively consider dismissal with prejudice. (*Id.*).

"A district court is 'duty bound' to grant the government's Rule 48(a) motion to dismiss an indictment without prejudice unless 'it specifically determines that the government is operating in bad faith' in pursuing the motion." *United States v. Mujahid*, 491 F. App'x 859, 860 (9th Cir. 2012) (quoting *United States v. Hayden,* 860 F.2d 1483, 1487 (9th Cir.1988)).

There is no indication of bad faith in this specific case. Defendant points only to a recent ruling in this district, *United States v. Zambrano*, Case No. CR 23-00524-DMG, Docket No. 633, in which that court dismissed an indictment with prejudice because "the Government ha[d] chosen to engage in both removal proceedings and criminal proceedings" in a manner that prejudiced the defendant. (*Id.* at 3). The court explained that, because Zambrano was in immigration detention, there was "an ongoing violation of Zambrano's right to pretrial release" and that he was "prejudiced in his ability to freely consult with his attorney regarding his defense, his ability to timely attend court hearings, and his ability to have an interpreter present when he discusse[d] his case with his attorney." (*Id.* at 4). *Zambrano* thus involved facts not obviously present here, and Defendant makes no attempt to analogize the facts of his case to *Zambrano*. Another court in this district dismissed an indictment without prejudice under similar circumstances, where there was no indication of bad faith. *See United States v. Jeson*

JS-3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

*Presilla Flores*, EDCR 25-00198-KK-6, Docket No. 126; *see also id.*, Docket No. 130 (Transcript) at 23–26.

In the absence of any specific argument from Defendant concerning bad faith, and in light of the Ninth Circuit's general guidance on Rule 48(a) dismissals, the Court concludes that dismissal without prejudice is appropriate here.

Accordingly, the Motion is **GRANTED,** and the indictment is **DISMISSED *without prejudice*** pursuant to Federal Rule of Criminal Procedure 48(a).  All upcoming dates in this matter are **VACATED**.  Defendant's bond as to the underlying indictment is **EXONERATED**.

IT IS SO ORDERED.


cc:  Criminal Intake